IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

        Plaintiff,                                    ORDER

        v.                                    09-cv-46-slc[1]

ROBERT FENTON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Robert Fenton has moved to dismiss this case for lack of personal jurisdiction or, in the alternative, to transfer the case. This is not a surprising motion. Plaintiff Orlando Lewayne Pilcher is proceeding on a claim that defendant Robert Fenton used excessive force in violation of the Eighth Amendment by throwing a gas canister at plaintiff at a federal prison in Yazoo City, Mississippi. (Since that incident plaintiff has been transferred to the federal prison in this district.) In the order screening plaintiff's complaint, I concluded that plaintiff stated a claim upon which relief may be granted against Fenton, but I noted that plaintiff's "claim against respondent Fenton may be vulnerable to

---

[1] The parties have declined the jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over the case for the purpose of resolving the parties' current disputes.

1

a motion to dismiss for lack of personal jurisdiction or motion to transfer for improper venue" because none of the events relevant to the case occurred in Wisconsin. Dkt. #18, at 6. I declined to dismiss or transfer the case because lack of personal jurisdiction and improper venue can be waived, Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004).

Now that defendant has raised the issue of personal jurisdiction, plaintiff has the burden to show that defendant may be sued in Wisconsin, Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 n.11 (7th Cir. 2003), which means that plaintiff must show that jurisdiction is consistent with the requirements of both due process and the Wisconsin long-arm statute, Wis. Stat. § 801.05. Although the standard under the long-arm statute is not identical to the standard under the due process clause, Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 958 (W.D. Wis. 2007), the fundamental question is the same for both, which is whether the defendant has sufficient contacts with the state of Wisconsin to make it fair to make him litigate here.

Plaintiff has failed to meet this burden. Defendant avers in his affidavit that he is now domiciled in Devens, Massachusetts, where he works at the Federal Medical Center. Plaintiff has not adduced any evidence that defendant has contacts with Wisconsin. Thus, the case cannot stay in this district.

Under Cote v. Wadel, 796 F.2d 981, 985 (7th Cir 1986), when a court determines that it lacks personal jurisdiction over a defendant, it is appropriate to transfer the case to

2

a court that has jurisdiction rather than dismiss the case outright. Because defendant is now domiciled in Massachusetts, it makes sense to transfer the case there, where it will be the most convenient for defendant to litigate. Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 617 (1990) (defendant's presence in state provides basis for exercising jurisdiction).

ORDER

IT IS ORDERED that this case is TRANSFERRED to the District Court for the District of Massachusetts.

Entered this 1st day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge